Tillie Belilove
vs.                        } Eq. No. 9978.
Day-O-Lite Products Corp.

February 21, 1930.

BLODGETT, P. J. Heard upon appointment of a permanent receiver.

The corporation is engaged in manufacture of specialties in lighting. The stock is owned fifty-fifty by complainant and one other.

The two owners apparently are unable to carry on the business in harmony and disagree radically as to the conduct of the corporation. Abraham Blackman, a certified public accountant, was appointed temporary receiver and testified as to the existing financial condition of the company.

After a careful study of his testimony the Court is of the opinion that the business can not be profitably conducted under present conditions, and that Abraham Blackman should be appointed permanent receiver of the corporation.

For complainant: Max Winograd.

For respondent: Voigt, O'Neil & Wright.

Joseph Gill
vs.                } No. 69013.
Leo Laquerre

February 21, 1930.

POULIOT, J. This is an action brought by Joseph Gill to recover damages for the death of his minor daughter who was killed by a horse-drawn ice wagon on August 23, 1926, on Jansen Avenue in Woonsocket. No administration has been taken out and the suit is brought for the benefit of all the beneficiaries.

After trial of the cause, the jury brought in a verdict for the plaintiff in the sum of $4,698.91 and defendant moved for a new trial on the usual grounds.

There was only one eye witness to the accident, Mrs. Bronislawa Zolands, who lived at 16 Jansen Avenue. Neither Evariste Laquerre, son of the defendant and the person who had charge of the wagon, nor his helper, Joseph Tousignant, saw the accident occur. Mrs. Zolands, who now lives in Connecticut, testified that the child, Adelaide Gill, was near the piazza next to the one where the witness stood awaiting her husband's arrival for dinner, playing with an elastic. The defendant's son held the horse by the bridle and turned it and the wagon around, remaining on the horse's left side all the time. The child was evi-

dently frightened and trying to get away, "kept fidgeting and stepping around." The witness cried out to the driver several times. The wagon turned around, ran over the child and struck a brick support of the piazza, chipping off pieces which the witness picked up and turned over to plaintiff's counsel. (Plaintiff's Exhibit 1.)

The defendant's son denied that the wagon struck any part of the building, stated he turned the wagon in a short circle and that when his attention was drawn to the accident the child was lying in the middle of the road.

Mrs. Zolands, who testified through an interpreter, impressed one with the feeling that she was unbiased and was clearly attempting to give an accurate picture of what happened. Her testimony as to where the child was struck was corroborated by the witness Berard, who was attracted by the screams and saw the position of the child and the wagon with reference to the piazza before the child was picked up.

The Court is satisfied that the jury's finding for the plaintiff was proper and warranted by the evidence.

The great difficulty in the case was the computation of damages. At the time of her death Adelaide Gill was 5 years and 2 months old. She had never been to school but was to enter in the fall. She was a strong, rugged child, bright and in good health. Her parents contemplated giving her a scholastic training which would take her through college and equip her to teach in High School, where teachers' salaries average $1,650 per year, 25% of which is the surplus over living expenses. She had an expectancy of life of 51.25 years.

The defendant argued that the computation of damages in a case of this kind is pure speculation and, being entirely speculative, precludes the plaintiff from recovery. This Court can not subscribe to any such theory. If a right has been violated or a death has

been caused by a wrongful act, the law will not refuse compensation because it is difficult to determine what is reasonable compensation for the injury suffered. It is true that the assessment of damages in a case of this kind is governed to a large extent by conjecture as to what might happen in the future. The child might not have lived or might have been crippled so that it would be a burden to its parents instead of a help, but it is this very element which makes it a peculiar matter for a jury to judge, after having had brought to its attention all the probabilities, what is a fair and reasonable compensation to award a plaintiff. It seems to this Court that on the evidence presented it, the jury exercised a reasonable discretion in fixing the award.

Motion for new trial denied.

For plaintiff: John R. Higgins.

For defendant: Henshaw, Lindemuth & Baker.